AO 98A   (Rev. 11/07) Appearance and Compliance Bond

# UNITED STATES DISTRICT COURT

FILED
2020 OCT -8  AM 10: 35
WESTERN DISTRICT COURT
OF TEXAS
BY _____ DEPUTY

WESTERN            District            TEXAS.

UNITED STATES OF AMERICA
V.

MI JUNG COOK

### APPEARANCE AND COMPLIANCE BOND

_____
Defendant

Case Number:        EP:20-CR-2061-DB

Non-surety:  I, the undersigned defendant acknowledge that I and my . . .

Surety:  We, the undersigned, jointly and severally acknowledge that we and our . . .

personal representatives, jointly and severally, are bound to pay to the United States of America the sum of

$ __10,000.00_____ , and there has been deposited in the Registry of the Court the sum of

$ __1,000.00 (10% cash deposit)_____  in cash or _____ (describe other security).

The conditions of this bond are that the defendant, _____MI JUNG COOK_____
                                                                          Name

is to (1) appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred; (2) comply with all conditions of release imposed by the court, and (3) abide by any  judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.  **SEE CONDITIONS LISTED IN RELEASE ORDER.**

It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review), which shall continue until such time as the undersigned are exonerated.

If the defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith.  Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having cognizance of the above entitled matter at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States.

This bond is signed on ____October 8, 2020____  at  _____El Paso, Texas_____
                                          Date                                              Place

Defendant ~~September 8, 2020~~                 Address
              MI JUNG COOK                   Telephone: .              , (Chin Lee, mother)

Surety

Signed and acknowledged before me on _____October 8, 2020_____
                                                                      Date

_Steven Galredon_
Signature of Judge/ Clerk/ Pretrial Officer

**LEON SCHYDLOWER, U. S. MAGISTRATE JUDGE**

1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

UNITED STATES OF AMERICA      )
                                        )
v.                                     )     No.: EP:20-CR-2061-DB
                                        )
MI JUNG COOK                    )

### RELEASE ORDER

The Defendant appeared before the undersigned for a Detention Hearing on October 7, 2020, and pursuant to an agreement by the parties, conditions of Defendant's release were set. Accordingly, the Court orders that the Defendant shall be released upon the following conditions:

1.     Defendant shall file an appearance and compliance bond in the amount of $10,000.00 which shall be secured by a $1,000.00 cash deposit into the registry of the Court and shall further be secured by the assets and signature of Defendant. The signature of Defendant constitutes his agreement to forfeit money and/or property in the face amount of the bond, including but not limited to the cash deposit, in the event Defendant fails to abide by any conditions of release set herein.

2.     Defendant shall report to the Pretrial Services Office as directed.

3.     Defendant shall not commit a federal, state, or local crime during the pendency of this cause.

4.     Defendant shall reside and comply with residential requirements or restrictions at

_____, (Chin Lee, mother), and **AT NO OTHER PLACE** during the pendency of this cause **unless** permission to relocate is first obtained from the supervising Pretrial Services Office. Defendant shall not depart

2

El Paso County, Texas, unless, prior to departure permission has been granted by the supervising Pretrial Services Office.

5.      Defendant shall remain under supervision of the Pretrial Services Office during the pendency of this cause.  The Pretrial Services Office has authority to grant or deny any requests by Defendant for temporary travel outside El Paso County, Texas.  **Defendant shall not travel to Mexico or any other foreign country, and no permission for such travel will be granted**.

6.      Defendant shall appear at all proceedings as required and shall surrender, as directed, for service of any sentence imposed.  **IT IS THE DEFENDANT'S RESPONSIBILITY TO STAY IN CONTACT WITH HER ATTORNEY AND THE SUPERVISING PRETRIAL SERVICES OFFICER IN ORDER TO BE ADVISED OF ALL COURT SETTINGS.**

7.      Defendant shall avoid any and all association or contact, either directly or indirectly, telephonically, verbally, through written or typed material or through any third party, with any potential witness(es) who may testify regarding the crime with which Defendant is charged and/or with any codefendant(s).

8.      Defendant shall avoid any and all association or contact, either directly or indirectly, telephonically, verbally, through written or typed material or through any third party, with any victim(s) of the crime with which Defendant is charged or any of the victim's immediate family members.

9.      Defendant shall surrender any passport and/or travel authorization documents, to the U.S. Pretrial Services Office, and shall not obtain any further passport or travel documents, without the prior approval of the Pretrial Services Office.

3

10.     Defendant shall not possess, or otherwise have custody or control of a firearm, destructive device, or other dangerous weapon.

11.     Defendant shall obtain and maintain gainful employment under the direction of the Pretrial Services Office.

12.     Defendant shall not participate in gambling activities.

13.     Defendant shall not use any narcotic drug or other controlled substance, as defined in § 102 of the Controlled Substances Act (21 U.S.C. § 802), unless, prior to use, Defendant has obtained a prescription from a licensed medical practitioner.  **Defendant shall submit urine samples for testing as directed by the Pretrial Services Office.**

14.     Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release.

15.     Defendant shall submit and participate in any and all to substance abuse treatment, which will include evaluation and testing, as well as education, in-patient treatment, and/or participation in support groups (such as AA/NA), as directed by the Pretrial Services Office.

16.     Defendant shall submit to any method of testing required by the Pretrial Services Office for determining whether Defendant is using a prohibited substance, including but not limited to, urine testing, wearing of a sweat patch, remote alcohol testing or any other form of screening or testing.

17.     Defendant shall refrain from the use of alcohol.

18.     Defendant shall undergo medical or psychiatric treatment and/or remain in an institution, as directed by Pretrial Services.

4

19.    Report as soon as possible, to the supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

5

## PENALTIES AND CONSEQUENCES
## FOR FAILURE TO APPEAR AT A PROCEEDING,
## FAILURE TO SURRENDER FOR SERVICE OF SENTENCE,
## OR VIOLATIONS OF ANY CONDITION OF RELEASE

### I. Loss of Property and/or Money

Defendant is advised that if she fails to appear before any court as required, the court may forfeit any property or money given or pledged as security for Defendant's bond and the court may enter judgment against Defendant and her sureties in the full amount of Defendant's appearance bond.

### II. Prosecution for Bond Jumping

Defendant is advised that if she fails to appear before any court as required or fails to surrender for service of any sentence, Defendant may be charged with the crime of "bond jumping," as set out in 18 U.S.C. §3146. This crime is punishable by a term of imprisonment of up to ten years and a fine of up to $25,000.00, depending in part on the crime with which Defendant is now charged. A term of imprisonment for bond jumping will be consecutive to any term of imprisonment imposed for the crime with which Defendant is now charged.

### III. Warrant for Defendant's Arrest,
### Order of Detention and Prosecution for Contempt

Defendant is advised that if she violates <u>any</u> condition of release, including but not limited to failing to appear as required, any one or more of the following may occur:

1. The court may issue a warrant for Defendant's arrest.

2. The court, after a hearing, may revoke Defendant's bond and order that Defendant be held in custody.

3. Defendant may be prosecuted and punished for contempt under 18 U.S.C. §401.

6

## PENALTIES FOR COMMITTING
## CRIMES DURING THE PERIOD OF RELEASE

Defendant is advised that if she is convicted for an offense which was committed during her release, the court is **required** to impose the following sentence <u>consecutive to</u> any sentence Defendant may receive for commission of the offense committed during release:

1. If the offense committed during Defendant's release is a felony, a term of imprisonment of not more than ten years,

2. If the offense committed during Defendant's release is a misdemeanor, a term of imprisonment of not more than one year.

## PROSECUTION FOR VIOLATING
## §§1503, 1510, 1512, and 1513

Defendant is advised that it is a crime, punishable by up to five years in prison and a $5,000.00 fine, to try to intimidate or influence any juror or officer of the court, to try to influence or obstruct the due administration of justice, or to try to obstruct the communication of information regarding a crime.

Defendant is further advised that it is a crime, punishable by up to ten years in prison and a $250,000.00 fine, to try to influence, or to retaliate against, a witness, victim or informant.

7

## ACKNOWLEDGMENT OF DEFENDANT

I acknowledge that I am the Defendant in the above-captioned case and that I am aware of the above conditions of my release.  I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed.  I am aware of the penalties and sanctions set forth above.


_____          Address:
MI JUNG COOK
Defendant                                 Telephone:


### DIRECTIONS TO THE UNITED STATES MARSHAL

Defendant is ORDERED released after processing.


Date:   October 8, 2020


_____
LEON SCHYDLOWER
UNITED STATES MAGISTRATE JUDGE