UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| PLAINTIFF | § § | |
| V. | § § | CAUSE NO.: EP:20-CR-2061-FM |
| MI JUNG COOK, | § § | |
| DEFENDANT | | |

### DEFENDANT'S AMENDED MOTION FOR ORDER FINDING TIME EXCLUDABLE UNDER SPEEDY TRIAL ACT

TO THE HONORABLE FRANK MONTALVO, UNITED STATES DISTRICT JUDGE FOR THE WESTERN DISTRICT OF TEXAS:

COMES NOW, MI JUNG COOK, by and through her lawyer, moves the Court for an order stating files the following amended Motion for Order stating that certain time in this case is excludable from the time computations under the Speedy Trial Act, 18 U.S.C. §3161 et seq., and would show as follows:

1. The Court, with the cooperation of the other United States District Courts in El Paso and the United States Attorney's Office, has established a post-guilty plea diversion program called Adelante, which is an intensive supervision program designed to assist certain eligible Defendant's in becoming positive members of the community through treatment, counseling, and other services.

2. The Adelante Program often takes an amount of time that would implicate the Speedy Trial Act and would potentially result in a violation of that Act if the time were not excluded from the Act's time computations.

3. During the past few weeks, MI JUNG COOK was vetted for the Adelante Program by the Pretrial Services Office and the U.S. Attorney's Office, and she will be starting the pre-phase of the Program shortly, which is an approximately 30-day period during which the Defendant must demonstrate compliance with the rules and requirements of the Program in order to be admitted.

4. The Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, requires that the "trial of a MI JUNG COOK charged in an . . . indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The Act, however, excludes from the calculation of this 70-day period certain specified delays, including:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or her counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

5. Plea negotiations may provide a basis for an ends-of-justice continuance. *See United States v. Fields*, 39 F.3d 439, 445 (3d Cir. 1994) ("In current federal practice, plea negotiations play a vital role. We therefore see no reason why an 'ends of justice' continuance may not be granted in appropriate circumstances to permit plea negotiations to continue.").

6. The Defense and the Government believe that Defendant herein is eligible for the Adelante Program and is a good candidate for that program. However, she must complete pre-phase of the program in order to be admitted.

7. Accordingly, Ms. COOK moves the Court for an order finding that the time period of six months from the entry of this order, is excluded under the Speedy Trial Act, because the ends of justice served by a continuance outweigh the interests of the public and the Defendant in a speedy trial, on the grounds that such a continuance will allow the Defendant to be considered for the Adelante Program and will allow the parties to engage in, and to complete, plea discussions.

Respectfully Submitted,

/S/
RICHARD D. ESPER
Attorney for Defendant
801 North El Paso Street, Ste. 225
El Paso, TX 79902
State Bar No. 06667500
Telephone: 915-544-3132
Facsimile: 915-532-3455

## CERTIFICATE OF SERVICE

    I hereby certify that on the 10th day of May, 2021, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system which will send notification of such filing to the following: AUSA, Vanessa K. Brown, Office of the U.S. Attorney, Richard C. White Building, 700 E. San Antonio, Suite 200, El Paso, TX 79901.

/S/
RICHARD D. ESPER

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| PLAINTIFF | § § | |
| V. | § § | CAUSE NO.: EP:20-CR-2061-FM |
| MI JUNG COOK, | § § | |
| DEFENDANT | | |

## AMENDED ORDER

On this date came on to be considered the Defendant's Motion for Order finding time excludable under the Speedy Trial Act, and the Court having considered the premises, is of the opinion that the same should be and is hereby GRANTED.

It is therefore ORDERED that the time period of six months from the date of this order, is excluded under the Speedy Trial Act, because the ends of justice served by a continuance outweigh the interests of the public and the Defendant in a speedy trial, on the grounds that such a continuance will allow the Defendant to be considered for the Adelante Program and will allow the parties to engage in, and to complete, plea discussions.

SO ORDERED on the _____ day of _____, 2021.

FRANK MONTALVO
United States District Judge

4